UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-352-RJC

| | |
|---|---|
| CURTIS ANTHONY WITHERSPOON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUSAN R. WHITE, Administrator, ) <br> Mountain View Correctional Institution, ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court following Petitioner's Response to the Court's Order dated November 26, 2012, in which the Court ordered Petitioner to explain why his 28 U.S.C. § 2254 petition is not time-barred and, if it is time-barred, why equitable tolling should apply. See (Doc. No. 4). For the following reasons, the Court dismisses the Section 2254 petition as time-barred.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On May 18, 2009, a jury convicted Petitioner of possession with intent to sell or deliver cocaine and sale or delivery of cocaine, and Petitioner pled guilty to being a habitual felon. The trial court found Petitioner to have a prior record of level of VI, consolidated the two substantive offenses into one judgment, and imposed a term of 168 to 211 months imprisonment.

Petitioner appealed and on May 18, 2010, the North Carolina Court of Appeals affirmed Petitioner's conviction. State v. Witherspoon, 204 N.C. App. 212, 694 S.E.2d 521 (2010). On August 26, 2010, the North Carolina Supreme Court denied Petitioner's petition for discretionary review. State v. Witherspoon, 364 N.C. 333, 701 S.E.2d 679 (2010). On January 26, 2012,

-1-

Petitioner filed a Motion for Appropriate Relief in Cleveland County Superior Court.1 See (Doc. No. 6 at 9). Petitioner dated the instant Section 2254 petition October 16, 2012, and it was stamp-filed in this Court on October 29, 2012.

## II. STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

As noted above, the North Carolina Court of Appeals affirmed Petitioner's conviction on May 18, 2010, and the North Carolina Supreme Court denied Petitioner's petition for discretionary review on August 26, 2010. Thus, Petitioner's conviction became final on November 26, 2010, or ninety days after the North Carolina Supreme Court's dismissal of his

---

1 Although Petitioner has not attached a denial of relief by the MAR Court, he suggests that the MAR was denied on July 9, 2012. See (Doc. No. 6 at 3).

petition for discretionary review, when the time in which he could have filed a petition for discretionary review in the U.S. Supreme Court expired.[2] See Clay v. United States, 537 U.S. 522 (2003). The one-year limitation period then ran for 365 days and expired on November 26, 2011. Petitioner did not file his federal habeas petition in this Court until October 29, 2012. Thus, his petition is time-barred. Furthermore, the filing of Petitioner's MAR on January 26, 2012, did not revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

In his response to the Court's Order of November 26, 2012, instructing Petitioner to explain why the petition is not time-barred and, if it is, whether equitable tolling should apply in his case, Petitioner does not contend that the petition was timely filed. Rather, he contends that equitable tolling should apply in this case. The AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner states that equitable tolling should apply in this case because he wrote to North Carolina Prisoner Legal Services on September 3, 2010, but that Prisoner Legal Services did not respond regarding their decision not to represent him until March 23,

---

[2] Petitioner answered in the affirmative in the original petition that he filed a petition for certiorari with the U.S. Supreme Court, but he has not provided the Court with any record of such petition, or any dates in which the petition was allegedly filed. See (Doc. No. 1 at 4). Furthermore, in response to this Court's order instructing him to show why his petition is not time-barred, Petitioner does not mention the filing of a certiorari petition in the U.S. Supreme Court—he argues only that equitably tolling should apply.

2011. See (Doc. No. 6 at 1). Petitioner states that he then contacted the North Carolina Innocence Inquiry Commission on April 7, 2011, but that they did not respond regarding their decision not to represent him until September 5, 2011. See (Id. at 2). Petitioner also states that he contacted the North Carolina State Bar asking for help, but that the State Bar informed him on December 7, 2011, that the State Bar could not help him. See (Id. at 2-3). Finally, Petitioner contends that he is actually innocent as grounds for equitable tolling.

Petitioner's explanation that his petition was untimely because he was seeking legal representation from various entities is simply not sufficient grounds for equitable tolling in his case. See Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001). As for Petitioner's actual innocence contention, the Fourth Circuit has not addressed whether a claim of actual innocence may equitably toll the AEDPA one-year limitations period. Even if the Fourth Circuit were to recognize such tolling based on actual innocence, Petitioner's allegations are insufficient to qualify him for such a rare exception to the one-year limitations period. That is, Petitioner has failed to present credible evidence of his innocence, meaning the evidence must be "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner merely contends, without more, that he did not sell crack cocaine to an informant who testified against Petitioner at trial. The trial evidence showed that the informant, Christopher Mitchell, had conducted a controlled "camera buy" of narcotics, in which Mitchell wore a camera concealed on his body during the buy. State v. Witherspoon, 204 N.C. App. 212, 694 S.E.2d 521 (2010). At Petitioner's trial, the government played the DVD recording of the buy for the jury.

Id. Petitioner admitted at trial that he was at the house where Mitchell conducted the controlled buy, but Petitioner testified that Petitioner's friend, not Petitioner, sold the crack cocaine to Mitchell. Id. Here, Petitioner contends, again, that he was not the person who sold the crack cocaine to Mitchell, and he contends that the DVD shows that he was not the person selling the drugs. This is simply not enough to apply the rare and extraordinary exception of equitable tolling. The DVD was shown to the jury at Petitioner's trial, and the jury found Petitioner guilty. In sum, the Court finds that equitable tolling is not appropriate in this case.

**IV.    CONCLUSION**

For the reasons stated herein, the Court will dismiss the Section 2254 petition as time-barred.

    **IT IS THEREFORE ORDERED** that:

    (1)    The Section 2254 petition, (Doc. No. 1), is denied and dismissed as time-barred.

    (2)    The Clerk is directed to terminate the case.

    (3)    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge